978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tina REYNOLDS, Doreen Dettore, Robert Newell, Karen Edgcomb
and Diane Newell, as individuals, Plaintiffs-Appellants,
v.
Anthony CONDIE, in his official capacity as Sheriff of
LaSalle County, Defendant-Appellee.
 No. 91-3664.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 23, 1992.
Decided Nov. 2, 1992.
Rehearing and Rehearing En Banc
Denied Dec. 14, 1992.
 
 Before CUMMINGS, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In their amended complaint, five deputy sheriffs employed by the LaSalle County, Illinois, Sheriff's Department sued Anthony Condie, who was elected Sheriff in November 1990 and took office on December 3, 1990. The plaintiffs actively supported and campaigned for defendant's opponent in the November 1990 general election. After his election, defendant advised plaintiffs that effective December 31, 1990, they would receive lesser duties and lower salaries. These actions of defendant were stated to violate the First and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985, 1986 and 1988. Therefore plaintiffs sought an injunction enjoining defendant from changing their duties or salaries. The district court dismissed the action on the ground that defendant has qualified immunity under Thulen v. Bausman, 930 F.2d 1209 (7th Cir.1991), certiorari denied, 112 S.Ct. 1262. We agree and therefore affirm.
 
 
 2
 In Thulen we held that a newly elected sheriff may use political considerations when determining who will serve as deputy sheriff and therefore awarded him qualified immunity for firing his predecessor's chief deputy. This Court explained "that a deputy sheriff helps to implement his superior's policies to the same degree as an assistant prosecutor or a deputy city commissioner, making [sheriff's] deputies suitable for similar treatment under the First Amendment." 930 F.2d at 1215.
 
 
 3
 The Thulen opinion pointed out that as in this case, the Sheriff is elected by the voters in a county to serve the public at large and that his selection is based on popular approval of his expressed political agenda. We noted that he has "broad discretion to set whatever policies he or she believes necessary to protect the interest of that society," quoting from Livas v. Petka, 711 F.2d 798, 800 (7th Cir.1983).
 
 
 4
 The Thulen opinion amplified this observation as follows:
 
 
 5
 Particularly in a small department, a Sheriff's core group of advisers will likely include his deputies. A deputy sheriff, in implementing the Sheriff's basic policy, will "make some decisions that will actually create policy." Id. at 801. As with the assistant deputy prosecutor in Livas, deputies on patrol or other assignment frequently work autonomously, giving them wide latitude and discretion in the performance of their duties and in the implementation of department goals. In order to promote public confidence in law enforcement, the Sheriff depends on his deputies to publicly project his competence and the competence of the office. Deputies are also expected to provide the Sheriff with truthful, accurate and beneficial information which he needs to make decisions and administer his office. While the circumstances of the Sheriff departments do not present an employment situation identical to a prosecutor's office, or that of a city water commissioner's, the position of these deputy sheriffs seems to fit within the Branti, Tomczak, and Livas exceptions to the prohibition on patronage firings, eroding any belief that the deputies' right to be free from political firing had been "clearly established."
 
 
 6
 930 F.2d at 1215.
 
 
 7
 The Thulen opinion also noted that a sheriff's political survival depends on his deputies' job performance, so that he could believe that party loyalty was an appropriate consideration for a deputy sheriff. Therefore we held that a newly elected sheriff would be entitled to discharge a chief deputy, thus following Terry v. Cook, 866 F.2d 373 (11th Cir.1989).
 
 
 8
 As in Livas and Thulen, we conclude that political considerations can be an appropriate requirement for the effective performance of the deputy sheriffs' duties. Deputy sheriffs operate with a sufficient level of autonomy and discretionary authority to justify a sheriff's use of political considerations when determining how they should serve. See Thulen, 930 F.2d at 1218. This is so because the county government has a compelling interest in carrying out the mandates of its newly elected sheriff. The present case is not as extreme as Thulen or Terry because these deputies have not been dismissed but have been assigned lesser duties and salaries.* Contrary to plaintiffs' arguments, however, the government's interest in carrying out the new sheriff's mandate does not evaporate merely because the plaintiffs remain on the job with the nominal titles of "deputy sheriff." The interest remains; only the government's means of effecting that interest is at issue. All agree that the county could fire the plaintiff deputy sheriffs. Can the county instead demote the deputies to peripheral positions with less significant responsibility? We think the answer is obvious. It would be curious constitutional law indeed to hold that the government must choose the most drastic and intrusive means of achieving its interest in an efficient sheriff's department.
 
 
 9
 We hold that Judge Holderman was justified in applying Thulen to this case, so that dismissal of the action was appropriate.
 
 
 10
 Judgment affirmed.
 
 
 
 *
 Not until oral argument here did plaintiffs mention that some plaintiffs' seniority was affected. This assertion should have been made in the amended complaint and comes much too late for consideration here